# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARYL PRENDERGAST and KATHERINE PRENDERGAST,<br><br>　　　　　　　　Plaintiffs,<br><br>　v.<br><br>CAPITAL ONE, N.A., a Virginia corporation, INTEGRATED LENDER SERVICES, INC., a Delaware corporation, KATHLEEN MOONEY and DOES 1 through 100, inclusive,<br><br>　　　　　　　　Defendants. | CASE NO. 15cv2777 DMS (JMA)<br><br>**ORDER (1) GRANTING PLAINTIFFS' MOTION FOR RECONSIDERATION AND (2) GRANTING PLAINTIFFS' MOTION TO REMAND** |

On December 10, 2015, Defendant Capital One, N.A. removed this case to this Court alleging jurisdiction under both the diversity and federal question statutes. To establish diversity, Capital One alleged Defendants Integrated Lender Services and Kathleen Mooney were fraudulently joined as sham defendants, and thus their citizenship should be disregarded. As part of these allegations, Capital One stated, "a non-diverse defendant is said to be fraudulently joined where 'the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state.'" (Notice of Removal ¶ 6.c.) (quoting *McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987)). Capital One then turned to the claim alleged against Defendants Integrated and Mooney (breach of trustee duties), and explained why that claim failed as a matter of law. (*Id.* ¶¶ 6.c-d.) Capital One alleged

there was federal question jurisdiction because the primary issue to be adjudicated was "whether ING issued an erroneous IRS Form 1099-C." (*Id.* ¶ 8.)

In response to the removal, Plaintiffs filed a motion to remand. In that motion, they raised three arguments. First, they asserted Defendants failed to comply with 28 U.S.C. § 1446(a), which rendered the removal procedurally defective. Second, they contended there was incomplete diversity between the parties. Third, Plaintiffs argued there was no federal question jurisdiction. Nowhere in the motion to remand did Plaintiffs challenge or question the standard for fraudulent joinder set out by Capital One in the Notice of Removal.

In ruling on the motion to remand, the Court agreed with Plaintiffs on the third argument that federal question jurisdiction was lacking. However, the Court disagreed with Plaintiffs on diversity jurisdiction. There being no dispute between the parties about the standard for fraudulent joinder, the Court adopted Defendants' approach, agreed with Defendants that Integrated and Mooney were sham defendants, and thus declined to consider their citizenship in deciding the diversity issue. Because there was complete diversity between the remaining parties, Plaintiffs and Capital One, the Court found there was diversity jurisdiction. The Court declined to address Plaintiffs' first argument about the alleged procedural defect in the notice of removal in light of its finding that Defendants Integrated and Mooney were fraudulently joined.

On March 7, 2016, Plaintiffs filed the present motion for reconsideration of the Court's order denying their motion to remand. Defendants filed an opposition to the motion, and Plaintiffs filed a reply. For the reasons set out below, the Court grants Plaintiffs' motion for reconsideration, and grants Plaintiffs' motion to remand.

Although Plaintiffs did not raise this particular argument in their motion for reconsideration or any of their previous briefs on this issue, the Court finds the standard for fraudulent joinder set out in the Notice of Removal and Defendants' previous briefs on this issue is incorrect. In deciding the motion to remand, the Court looked only to the claim alleged against Defendants Integrated and Mooney, and considered that claim

1  according to the standard set out by Defendants, which is akin to the standard for
2  motions to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).  Although one
3  other district court in the Ninth Circuit has applied this standard, *see Johnson v.*
4  *GranCare, LLC*, No. 15-cv-03585-RS, 2015 U.S. Dist. LEXIS 151971 (N.D. Cal. Nov.
5  9, 2015), "[t]he vast majority of district court decisions ... have determined that the
6  fraudulent joinder standard is tougher to meet than the Rule 12(b)(6) standard, such that
7  fraudulent joinder will not be found if there is 'any possibility' that the plaintiff could
8  state a claim." *GranCare, LLC v. Thrower*, Nos. C 15-05362 WHA, 15-05575 WHA,
9  2016 U.S. Dist. LEXIS 36413, at *14 (N.D. Cal. Mar. 21, 2016) (quoting *Hunter v.*
10 *Philip Morris USA*, 582 F.3d 1039, 1044 (9th Cir. 2009)).  This approach is consistent
11 with the "strong presumption" against removal jurisdiction, *Hunter*, 582 F.3d at 1042,
12 and the "general presumption" against fraudulent joinder.  *Hamilton Materials Inc. v.*
13 *Dow Chemical Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007).

14      When considered through this lens, it is clear Defendants have not met their
15 burden to show, by clear and convincing evidence, *id.*, that Defendants Integrated and
16 Mooney are sham defendants.  Their arguments in opposition to Plaintiffs' motion to
17 remand go to the merits of Plaintiffs' claim, which is insufficient to establish fraudulent
18 joinder.  *Mahoney v. Unum Group*, No. C 15-3532 SBA, 2015 U.S. Dist. LEXIS
19 145804, at *2-3 (N.D. Cal. Oct. 27, 2015).  "Rather, a finding of fraudulent joinder
20 requires a showing that the plaintiff could not plead any facts sufficient to state a claim
21 against those defendants, such that leave to amend would be futile." *Ramirez v. Speltz*,
22 No. C 15-03538 WHA, 2015 U.S. Dist. LEXIS 137902, at *7 (N.D. Cal. Oct. 8, 2015).
23 Here, Defendants made a preliminary showing that they owed no *fiduciary* duty to
24 Plaintiffs to apply the proceeds of the sale in a certain order.  *See Hatch v. Collins*, 225
25 Cal. App. 3d 1104, 1112-13 (1990) (finding claim against trustee could not "be called
26 a breach of any fiduciary relation.")  However, Defendants did not show there is no
27 possibility Plaintiff could state a *negligence* claim against them based on the facts
28 alleged in this case.  *Id.*  Accordingly, there is no fraudulent joinder here.

Absent a finding that Defendants Integrated and Mooney are sham defendants, the Court must consider their citizenship in determining whether there is complete diversity. There is not. Defendants Integrated and Mooney are citizens of California, as are Plaintiffs. Thus, complete diversity is lacking. In light of this finding, and the Court's previous finding that there is no federal question jurisdiction, which finding Defendants do not dispute, the Court grants Plaintiffs' motion to remand. The Clerk of Court shall provide a certified copy of this order to the clerk of the State court, and thereafter close this case.

**IT IS SO ORDERED**.

DATED: April 27, 2016

HON. DANA M. SABRAW
United States District Judge